**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW VERDON,<br><br>    Plaintiff,<br><br>vs.<br><br>TOWNSHIP OF WAYNE and<br>JOHN DOES  1-5,<br><br>    Defendants. | Civil Action No.:<br><br><br>**COMPLAINT** |

Plaintiff, Andrew Verdon, by and through his attorneys, Arleo & Donohue, LLC, by way of Complaint against the defendants, states as follows:

## THE PARTIES

1.      Plaintiff Andrew Verdon is a resident of the Township of Pompton Plains, County of Morris, State of New Jersey.  During all relevant times herein, he was either employed as a Wayne Township Police Officer or recently retired on a disability pension.

2.      Defendant Township of Wayne is a municipal entity/corporation and governing body located in Wayne, Passaic County, New Jersey and at all times relevant hereto was plaintiff's prior employer.

3.      Defendants John Does 1-5 are fictitious designations for presently unknown parties whose actions proximately resulted in damage to plaintiff.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over plaintiff's claims, pursuant to 18 U.S.C. § 1331, insofar as plaintiff's claims raise federal questions.

5.      Venue in this district is proper, pursuant to 18 U.S.C. § 1442, insofar as all incidents that form the basis of plaintiff's Complaint took place in this jurisdiction.

## FACTUAL ALLEGATIONS AS TO ALL CLAIMS

6.      Plaintiff Andrew Verdon was employed as a police officer for defendant Township of Wayne from March 1, 1997 to August 1, 2022.

7.      In August, 2022, plaintiff retired on a disability retirement claim as a result of permanent disabilities suffered from the COVID crisis.  At the time, plaintiff was a Captain on the Wayne Township Police Department.

8.      Pursuant to the Collective Bargaining Agreement ("CBA") between plaintiff and defendant, plaintiff is entitled to certain benefits upon disability retirement, including, but not limited to, terminal leave pay, vacation/holiday pay and compensation pay.

9.      Despite being contractually entitled to these benefits, defendant has steadfastly refused to pay plaintiff the aforementioned benefits, despite paying those benefits to other similarly situated former Wayne Police officers.

10.      In addition, defendant forced plaintiff to improperly take sixty (60) days of accrued time consisting of 30 holidays and 30 vacation days, while his disability application was pending despite the fact that plaintiff was entitled to unlimited sick time.

11.      Further, on the day the plaintiff's application was accepted by the pension board, defendant improperly and without notice wiped out plaintiff's time bank containing unused vacation, holiday and comp time, reducing the amount to zero.

12.      Finally, after learning that police officers were legally exempt from paying taxes on wages while out work on workers compensation due to a work related illness or injury, plaintiff requested backup documentation from defendant so he could file amended tax returns.

Defendant has steadfastly refused to supply the requisite paperwork, so plaintiff has been unable to file amended tax returns.

13.    As a proximate result of defendant's actions, plaintiff's total monetary loss exceeds $250,000.00.

14.    In February, 2023 plaintiff filed a grievance in accordance with the terms of the Collective Bargaining Agreement.

15.    Although almost nine months have passed, no action has been taken by defendant regarding the grievance and defendant has ignored plaintiff's request for status information. Thus, plaintiff has exhausted his administrative remedies and any further administrative action by the plaintiff would be futile.

16.    As a result of the defendant's actions, plaintiff has been damaged.

### FIRST COUNT (Equal Protection Violation)

17.    Plaintiff repeats and realleges each and every fact contained in the foregoing paragraphs as if set forth at length herein.

18.    Plaintiff is entitled to the equal protection of the laws as guaranteed by the United States Constitution.

19.    Defendant, Township of Wayne, has violated the CBA by failing to pay plaintiff for vacation/terminal leave/holiday/compensation time.  Plaintiff recently has discovered that other similarly situated former Wayne Police officers received those benefits or did not have deductions made against them.

20.    Defendant's improper refusal to pay benefits is a violation of 42 U.S.C. § 1983 and plaintiff's right to the equal protection of law as guaranteed by the United States Constitution.

## SECOND COUNT (Due Process Violation)

21.     Plaintiff repeats and realleges each and every fact contained in the foregoing paragraphs as if set forth at length herein.

22.     Defendant's failure to provide plaintiff a hearing before unilaterally refusing to pay benefits/or improperly making deductions for those benefits constitutes a violation of 42 U.S.C. § 1983 and his right to both procedural and substantive due process of law.

## THIRD COUNT (Violation of New Jersey Constitution)

23.     Plaintiff repeats and realleges each and every fact contained in the foregoing paragraphs as if set forth at length herein.

24.     The aforementioned wrongful actions of defendant also constitute violations of plaintiff's equal protection and due process rights guaranteed under the New Jersey Constitution.

## FOURTH COUNT (Breach of Contract)

25.     Plaintiff repeats and realleges each and every fact contained in the foregoing paragraphs as if set forth at length herein.

26.     The aforementioned wrongful actions of defendant constitute a breach of plaintiff's Collective Bargaining Agreement.

WHEREFORE, Plaintiff demands judgment against defendants for:

(a)     compensatory damages;
(b)     punitive damages;
(c)     attorney fees;
(d)     costs of suit; and
(e)     any other relief as the Court deems just and proper.

4

## DEMAND FOR JURY TRIAL

Under Fed.R.Civ.P.38(b), plaintiff demands a jury trial of all issues.

## CERTIFICATION

Pursuant to Local Rule 11.2, I certify that to the best of my knowledge, information and belief that the matter in controversy is not the subject of any other Court action or arbitration proceeding, nor pending or contemplated, and that no other parties should be joined in this action.

ARLEO & DONOHUE, L.L.C.
Attorneys for Plaintiff

By: */s/ Frank P. Arleo*
   Frank P. Arleo - 6606
**ARLEO & DONOHUE, L.L.C.**
622 Eagle Rock Avenue
West Orange, New Jersey 07052
(973) 736-8660 Fax (973) 736-1712

Dated:  December 6, 2023

5